BLECHER & COLLINS, P.C.
MAXWELL M. BLECHER (State Bar No. 26202)
515 S. Figueroa Street, 17th Floor
Los Angeles, California 90071
Telephone: (213) 622-4222
Facsimile: (213) 622-1656
E-mail: mblecher@blechercollins.com

Attorneys for Plaintiff
SABRY LEE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

CV08-05758GW PJWx

| | |
|---|---|
| SABRY LEE, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GENERA CORPORATION, a California corporation; MAXZONE VEHICLE LIGHTING CORP., a California corporation; E-LITE AUTOMOTIVE, INC., a California corporation, TYC BROTHER INDUSTRIAL CO., LTD, a Taiwanese corporation; DEPO AUTO PARTS INDUSTRIAL CO., LTD., a Taiwanese corporation and EAGLE EYES TRAFFIC INDUSTRIAL CO., LTD., a Taiwanese corporation,<br><br>Defendants. | CASE NO.<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:<br><br>(1) VIOLATION OF SHERMAN ACT, 15 U.S.C. §1;<br><br>(2) CALIFORNIA BUSINESS AND PROFESSIONS CODE § 16720<br><br>(3) INTENTIONAL INTERFERENCE WITH ACTUAL AND PROSPECTIVE ECONOMIC ADVANTAGES<br><br>(4) CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17043<br><br>(5) CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17047<br><br>(6) CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17048<br><br>[DEMAND FOR JURY TRIAL] |

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
TWENTIETH FLOOR
611 WEST SIXTH STREET
LOS ANGELES, CALIFORNIA 90017
(213) 622-4222

Plaintiff SABRY LEE, INC., files this Complaint against the above-named defendants and, demanding trial by jury, complains and alleges as follows:

I.

## NATURE OF ACTION AND SUMMARY OF ALLEGATIONS

1. Plaintiff, by its undersigned counsel, bring this action for damages and injunctive relief under state and federal antitrust laws. This action charges defendants with engaging in a combination and conspiracy to suppress and eliminate competition by fixing prices below cost to eliminate plaintiff as a competitor in the importation, distribution and sale of aftermarket automotive lighting products as retribution for plaintiff's unwillingness to abide an agreement among defendants to fix high and arbitrary prices on aftermarket lighting products imported from Taiwan and sold in the United States. Defendants effectuated their illegal scheme by entering into and carrying out an agreement to lower prices on those lighting products sold by plaintiff while raising prices above competitive levels on lighting products on which plaintiff is not a competitor.

2. Defendants GENERA CORPORATION ("GENERA"), MAXZONE VEHICLE LIGHTING, CORP. ("MAXZONE") AND E-LITE AUTOMOTIVE, INC., are direct competitors of plaintiff SABRY LEE, INC. ("SLI") in the importation, sale and distribution throughout the United States of auto parts, predominantly automotive lighting products which are manufactured in Taiwan and China. Each of these distributors sells the lighting products made by a manufacturer located in Taiwan. Defendant GENERA may be wholly or partly owned, directly or indirectly, by and imports and sells the lighting products made by defendant TYC BROTHER INDUSTRIAL COMPANY, LTD. ("TYC"); Defendant MAXZONE may be partly or wholly owned by, directly or indirectly, and imports and sells the lighting products

of defendant DEPO AUTO PARTS INDUSTRIAL CO., LTD. ("DEPO") and defendant E-LITE may be partly or wholly owned, directly or indirectly, by and imports and sells the lighting products of defendant EAGLE EYES TRAFFIC INDUSTRIAL CO., LTD. ("EAGLE EYES").

## II.

## JURISDICTION AND VENUE

3. This Complaint is filed and these proceedings are instituted under Sections 4 and 16 of the Clayton Act (15 U.S.C. §§ 15, 26) against the above-named defendants in order to secure damages from and injunctive relief against each defendant for its violation of Section 1 of the Sherman Act (15 U.S.C. § 1) and the several state laws as hereinafter alleged. This Court has original jurisdiction over the federal antitrust claims pursuant to 28 U.S.C. § 1337 and 28 U.S.C. § 1331 and supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and Sections 12 of the Clayton Act (15 U.S.C. § 22). Each of the named defendants either transacts business, maintains an office or may be found within the Central District of California. The claims alleged in this complaint arise, in part, within this district. The interstate trade and commerce affected by the alleged violations of the antitrust laws were carried out, in part, within this District. Defendants have provided services and products in the stream of commerce that have originated in or reached this district.

## III.

## THE PARTIES

5. Plaintiff SLI is a corporation duly organized and existing under the laws of the State of California with its principal place of business located at 21301 Ferrero Parkway, City of Industry, California 91789. SLI imports,

1  distributes and sells, throughout the United States, aftermarket auto parts,
2  imported from Taiwan and China which are predominantly lights and parts
3  for lighting systems for automobiles and other road vehicles.
4     6. Defendant GENERA is a corporation duly organized and existing
5  under the laws of the State of California with its principal place of business
6  located at 26 Centerpointe Drive, Suite 100, La Palma, California 90623.
7  GENERA imports, distributes and sells, throughout the United States,
8  aftermarket automotive lighting products imported from Taiwan.
9     7. Defendant MAXZONE is a corporation duly organized and existing
10 under the laws of the State of California with its principal place of business
11 located at 11016 Mulberry Avenue, Suite B, Fontana, California 92337.
12 MAXZONE imports, distributes and sells, throughout the United States,
13 aftermarket automotive lighting products imported from Taiwan.
14     8. Defendant E-LITE is a corporation duly organized and existing
15 under the laws of the State of California with its principal place of business
16 located at 14401 Monte Vista Avenue, Chino, California 91708.  E-LITE
17 imports, distributes and sells, throughout the United States, aftermarket
18 automotive lighting products imported from Taiwan.
19     9. Defendant TYC is a corporation organized and existing under the
20 laws of Taiwan with its principal place of business located in Taiwan.  TYC
21 is a leading manufacturer of aftermarket automotive lighting products which
22 it manufactures in Taiwan and exports for sale around the world.
23    10. Defendant DEPO is a corporation organized and existing under
24 the laws of Taiwan with its principal place of business located in Taiwan.
25 DEPO is a leading manufacturer of aftermarket automotive lighting
26 products which it manufactures in Taiwan and exports for sale around the
27 world.
28

11. Defendant EAGLE EYES is a corporation organized and existing under the laws of Taiwan with its principal place of business located in Taiwan. EAGLE EYES is a manufacturer of aftermarket automotive lighting products which it manufactures in Taiwan and exports for sale around the world.

## IV.
## CO-CONSPIRATORS

12. Various other companies and individuals, not named as defendants in this Complaint, participated as co-conspirators in the acts complained of herein, and performed acts and made statements in furtherance of such conspiracy.

## V.
## NATURE OF TRADE AND COMMERCE

13. The relevant product market, for antitrust purposes, consists of aftermarket automotive lighting products. Aftermarket automotive lighting products is a relevant market distinct from original equipment replacement parts made by the manufacturers of automobiles because, although equal in quality to OEM products, there is a significant difference in the wholesale price, often as large as 50% between OEM product and aftermarket product. In addition, many, but not all, insurance carriers for automobile collisions require body shops, the principal customer group of the distributors, to purchase aftermarket products. Accordingly, aftermarket products and products of original equipment manufacturers are not reasonably interchangeable substitutes from the point of view of the purchaser and are not in direct and substantial competition with each other.

14. The relevant geographic market is the United States as a whole.

15. At one time, plaintiff SLI was a purchaser from and importer-

distributor for defendant EAGLE EYES. Because plaintiff SLI failed to abide EAGLE EYES pricing directives and because EAGLE EYES originated, sponsored and owned directly or indirectly a competing importer-distributor (defendant E-LITE), plaintiff sought out a new manufacturer in China, VISION AUTO PARTS INDUSTRIAL CO., LTD., which does not have nearly as complete a line as any of the other defendant manufacturers. Because plaintiff SLI does not have access to the full range of products of its competitors through their relationships with the manufacturers, it is vulnerable to the tactics employed by defendants to eliminate it as a price-cutting competitor.

16. These defendants have employed similar tactics in the past and, as a result, have eliminated in whole or material part other actual and potential importer-distributor of aftermarket automotive lighting products, including but not limited to SNS, Gordon and YCC.

17. Collectively, the manufacturing defendants comprise more than 90% of all aftermarket automotive lighting products in the United States market, and as a consequence, their importer-distributor defendant affiliates also control about 90% of the aftermarket automotive lighting product market in the United States.

## VI.
## COUNT ONE
## ( SECTION 1 OF THE SHERMAN ACT, 15 U.S.C. § 1)

18. Plaintiff hereby incorporates by reference Paragraphs 1 though 17 of this Complaint as though fully set forth therein.

19. Beginning in at least as early as 2004 and continuing up to the filing of this Complaint, defendants and co-conspirators have combined and conspired to unreasonably restrain competition in interstate commerce in the importation, sale and distribution of aftermarket automotive lighting

products, in the United States in violation of Section 1 of the Sherman Act (15 U.S.C. §1).

20. The purpose and effect of defendants' price fixing conspiracy has been to eliminate competition among and between themselves and to eliminate customer choice by establishing artificially high and noncompetitive prices for aftermarket automotive lights in the United States. This price fixing agreement constitutes a *per se* violation of Section 1 of the Sherman Act (15 U.S.C. § 1) in that it eliminates true competition, customer choice and serves no legitimate purpose.

21. From at least 2004 through the present, there has been pervasive price fixing of aftermarket auto lighting products at both the manufacturing and wholesale levels. Part of this conspiratorial activity defendants' unlawful conspiracy extended to include deliberate predatory pricing undertaken with the specific intent of eliminating plaintiff SLI from the market, thereby further restraining trade in the importation, distribution and sale of aftermarket automotive lights throughout the United States by:

(a) lowering to below cost the prices charged by the distributor defendants on identified and selected products which plaintiff SLI has available for importation, distribution and sale, which constitutes but a small fraction of the total lighting parts made by the manufacturer defendants which are then available for importation, distribution and sales by the importer-distributor defendants and which are actually imported, distributed and sold by such distributor defendants. Plaintiff SLI knows these prices are below cost because of its historically close relationship with aftermarket manufacturers and because of its knowledge of its own costs and overhead.

///

(b) the defendants then subsidize the below cost prices by fixing arbitrarily high prices on those aftermarket automotive lighting products which plaintiff cannot secure from its manufacturer Vision and on which therefore it cannot import, distribute or sell in the United States. So defendants are able to recoup their below cost prices on those lighting products on which they compete with plaintiff by offsetting price increases on lighting products with which they do not compete with plaintiff SLI.

22. Starting at least as early 2004, the representatives of the manufacturers have met in Taiwan to fix the prices at which each manufacturer would sell to its distributor and then the United States distributors of these Taiwanese manufacturers would separately meet, usually at the offices of defendant GENERA in La Palma, California and occasionally at an industry trade show in Las Vegas, Nevada, to fix the prices at which they would sell to their respective customers. Representatives of plaintiff attended the distributor meetings up to about 2005, during the period SLI was the distributor for defendant EAGLE EYES. When Eagle Eyes started distributing through defendant E-LITE, plaintiff stopped attending the distributor meeting. At the distributor meetings, there was open discussion of the manufacturers meetings in Taiwan and the prices reached at those meetings. The manufacturer meetings in Taiwan were generally attended by, but limited to the following representatives of the company indicated:

| | |
|---|---|
| TYC Brother Industrial Co. Ltd.: | Chun-Chi Wu (Chairman/General Manager) |
| DEPO Auto Parts Industrial Co., Ltd: | Shiu-Min Hsu (Chairman) and Jui-Hua Lai (General Manager) |

///

- 8 -

| | |
|---|---|
| Eagle Eyes Traffic Industrial Co., Ltd. | Yu-Chu Lin (Chairman) and Ching-Tsung Lai (General Manager) |
| | Homy Hsu (Vice President) |

Since 2007, the distributor meetings in California or Nevada were generally attended by the following representatives of the company indicated:

| | |
|---|---|
| E-Lite Automotive, Inc.: | George Lee (President) and Shih-Chi (Gary) Lin (Eagle Eyes' owner's son). |
| Genera Corporation: | Drue Hsia (President) and Jackson Kwok (Executive Vice President) |
| Maxzone Vehicle Lighting Corp.: | Polo Shu Sheng Hsu (President) and Galen Chen (Director of Sales and Marketing) |

Prior to 2006, plaintiff attended the distributor meetings and representatives of E-LITE did not. At these distributor meetings, the above participants, and possibly others, represented that their United States resale prices were fixed by their respective manufacturers and were graduated (not precisely equal) so as to reflect the market share or consumer preferences for brand. Accordingly, the prices set for GENERA, perceived to be the premier aftermarket product, were 2-3 % higher than for DEPO and, in turn, DEPO's prices are 5-7% higher than EAGLE EYES. While plaintiff's representative attended many of these meetings prior to 2007, plaintiff did not agree to the distributors' prices fixed and, in fact, on many occasions continued to charge prices lower than those agreed upon by the group which led to the falling out between plaintiff and defendant

///

- 9 -

EAGLE EYES and the replacement of plaintiff with defendant E-LITE as EAGLE EYES United States distributor.

## VII.
## ANTICOMPETITIVE EFFECTS OF VIOLATION ON COMPETITION AND CONSUMERS

23. The aforesaid conduct of defendants has produced antitrust injury, and unless restrained, will continue to produce the following anticompetitive effects, among others:

(a) competition in the importation, distribution and sale of aftermarket automotive lighting products in the United States has been and continues to be substantially and unreasonably restricted, lessened, foreclosed and eliminated;

(b) barriers to entry into the production, distribution and sale of aftermarket automotive lighting products in the United States have been raised;

(c) prices for customers seeking aftermarket automotive lighting products in the United States have risen and will continue to do so;

(d) customers seeking aftermarket automotive lighting products in the United States are, and will be, deprived of choice with respect to price and vendor/manufacturer; and

(e) the importation, distribution and sale of aftermarket automotive products in the United States will continue to be artificially restrained or monopolized.

## VIII.
## INJURY TO PLAINTIFF

24. By reason of, and as a direct and proximate result of the violations alleged herein, plaintiff SLI has suffered and will continue to suffer substantial financial injury in its business and property by

defendants' and co-conspirators continuing violations of the antitrust laws. SLI has lost substantial contracts and profit opportunities due to defendants' conspiratorial pricing tactics and has been required, to remain competitive, to sell at below cost prices. Unless defendants are restrained, plaintiff will continue to be unable to fully and fairly compete in the aftermarket for automotive lighting products and will continue to lose profits it would have otherwise made.

25.  Plaintiff does not know the precise extent of its past damages and cannot now estimate with precision the future damages that continue to accrue caused by the anticompetitive conduct described in this Count. When ascertained, SLI will ask leave of Court to insert said sum herein.

## COUNT TWO

### (California Business & Professions Code Section 16720)
### (Combination to Restrain Trade)

26.  Count Two of the Complaint is based on the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because the claim set forth herein is ancillary to the federal antitrust claims set out in the first and second causes of action and arises from the same transactions and from a common nucleus of operative facts.

27.  SLI repeats and re-alleges by reference paragraphs 1 through 26, inclusive, with the same force and effect as though fully stated herein.

28.  Since at least 2004, defendants have entered into various agreements and arrangements in restraint of trade whereby they have conspired to eliminate competition and artificially inflate prices and then to sell at less than cost to eliminate plaintiff as a competitor recouping their losses by selling products not available to plaintiff at artificially inflated and supracompetitive prices. Defendants, through this price fixing conspiracy, intended to and did unreasonably restrain competition in the market for the

importation and sale of aftermarket automotive lighting products in the United States. As a result of the illegal actions taken by defendants, competition in the aftermarket for the importation and sale of automotive lighting products been adversely affected and plaintiff SLI has been injured in its property and/or business.

## COUNT THREE
## INTENTIONAL INTERFERENCE WITH ACTUAL AND PROSPECTIVE ECONOMIC ADVANTAGES

29. Count Three of the Complaint is based on the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because the claim set forth herein is ancillary to the federal antitrust claims set out in Count One and arises from the same transactions and from a common nucleus of operative facts.

30. SLI repeats and re-alleges by reference paragraphs 1 through 28, inclusive, with the same force and effect as though fully stated herein.

31. SLI has developed and maintains advantageous actual and prospective business relationships with its customers, suppliers, vendors and employees that promise a continuing probability of future economic benefit to SLI. Defendants knew or reasonably should have known of the existence of SLI's actual and prospective economic advantages. Defendants, with the intent of disrupting and destroying SLI's business relationships, have deliberately undertaken the illegal practices described herein. Further, defendants have made false and misleading statements to SLI's actual and prospective customers, suppliers and vendors, inducing them not to enter into such prospective contractual relationships, or to sever any existing relationship with SLI. As such defendants' conduct was wrongful.

32. As a direct and proximate result of defendants' actions as alleged herein, many of the economic benefits from plaintiff's actual and prospective customers have been lost.

33. SLI has sustained and will continue to sustain damages, the exact amount of which is extremely difficult to calculate, and presently unknown, but which will be proven at trial.

34. Defendants committed each of the foregoing acts willfully, fraudulently, oppressively, maliciously and with the wrongful intention of injuring SLI's actual and prospective business relationships. To the extent that the foregoing acts were performed by employees of defendants, those persons were acting as the agents and/or employees of the corporate defendants and in doing the things herein alleged were acting within the course and scope of such agency and their acts were ratified and/or approved by a one or more officers, directors or managing agents of each defendant corporation. Accordingly, SLI is entitled to punitive and exemplary damages sufficient to serve as an example and to punish defendants.

35. As a result of the foregoing acts, SLI has suffered, and will continue to suffer, irreparable injury for which there is no adequate remedy at law unless defendants are enjoined by this Court.

## COUNT FOUR

### (California Business & Professions Code Section 17043)
### (Below Cost Sales)

36. Count Four of the Complaint is based on the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because the claim set forth herein is ancillary to the federal antitrust claims set out in Count One and arises from the same transactions and from a common nucleus of operative facts.

37. SLI repeats and re-alleges by reference paragraphs 1 through 35 inclusive, with the same force and effect as though fully stated herein.

38. With the intention of injuring and virtually eliminating plaintiff SLI as an effective competitor, defendants have submitted bids, offered for sale and sold selected aftermarket automotive lighting products at prices below each defendants' fully allocated costs.

39. Defendants' below cost sales and offers have damaged plaintiff SLI in its business and/or property.

## COUNT FIVE

### (California Business & Professions Code Section 17047)

### (Solicitations of Violations)

40. Count Five of the Complaint is based on the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because the claim set forth herein is ancillary to the federal antitrust claims set out in Count One and arises from the same transactions and from a common nucleus of operative facts.

41. Plaintiff SLI repeats and re-alleges by reference paragraphs 1 through 39, inclusive, with the same force and effect as though fully stated herein.

42. In undertaking the lawful acts and practices alleged herein of this Complaint, defendants have, in violation of Cal. Bus. & Prof. Code § 17047, solicited distributors and manufacturers of aftermarket automotive lighting products to commit and participate jointly with defendants in the commission of illegal below cost sales, unreasonable restraints of trade and other violations of the California Unfair Practices Act as alleged above.

///

///

///

- 14 -

## COUNT SIX

### (California Business & Professions Code Section 17048 )

### (Joint Participation or Collusion in Violations)

43. Count Six of the Complaint is based on the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because the claim set forth herein is ancillary to the federal antitrust claims set out in Count One and arises from the same transactions and from a common nucleus of operative facts.

44. SLI repeats and re-alleges by reference paragraphs 1 through 42, inclusive, with the same force and effect as though fully stated herein.

45. In undertaking the unlawful acts and practices alleged in this Complaint, defendants have, in violation of Cal. Bus. & Prof. Code § 17048, jointly participated and colluded to rig bids and eliminate competition in the aftermarket for automotive lighting products in the United States.

46. Defendants jointly conspired to fix prices so as to exclude plaintiff SLI from the competition. Further, the collective efforts of defendants has been to lessen competition and to injure, destroy and prevent competition, namely of plaintiff SLI, for the importation, distribution and sale aftermarket automotive lighting products. Additionally, defendants concerted action has artificially inflated prices for such products and eliminated customer choice.

## RELIEF REQUESTED

WHEREFORE, plaintiff SLI requests that this Court adjudge and decree as follows:

1. That defendants have violated Section 1 of the Sherman Act as set forth in Count One;

    2.    That pursuant to Section 4 of the Clayton Act (15 U.S.C. § 15), plaintiff SLI recover treble the amount of its actual damages sustained by defendants violations of the Sherman Act;

    3.    That pursuant to Section 4 of the Clayton Act (15 U.S.C. § 15), plaintiff SLI be awarded its reasonable attorneys' fees and costs of litigation;

    4.    That defendants have tortuously and intentionally interfered with plaintiff's actual and prospective economic relationships as set forth in Count Two and that judgment be entered against defendants for actual damages suffered;

    5.    That plaintiff SLI be awarded exemplary and punitive damages against defendants for intentional interference with SLI's actual and prospective business relationships;

    6.    That pursuant to Section 16 of the Clayton Act (15 U.S.C. § 26) an injunction issue restraining and enjoining defendants from all the aforesaid acts and practices alleged herein in violation of the Sherman Act.

    7.    That judgment be entered on Count Two, Count Four, Count Five and Count Six for three times the amount of damages suffered by plaintiff and that plaintiff be awarded its reasonable attorneys' fees and costs of suit as required by Cal. Bus. & Prof. Code § 17082;

    8.    That plaintiff SLI be entitled to such other and further relief as this Court may deem just and proper.

Dated:   September 3, 2008

BLECHER & COLLINS, P.C.
MAXWELL M. BLECHER

By: *[signature]*
Maxwell M. Blecher
Attorneys for Plaintiff
Sabry Lee, Inc.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands by jury pursuant to the Federal Rules of Civil Procedure, Rule 38(b) (28 U.S.C. Rule 38) and Local Rule 38-1.

Dated: September 3, 2008

BLECHER & COLLINS, P.C.
MAXWELL M. BLECHER

By: *[signature]*
Maxwell M. Blecher
Attorneys for Plaintiff
Sabry Lee, Inc.

# 37066